UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| GARY HARRISON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 2:15-CV-00037 |
|  | ) |  |
| CAPTAIN MORRIS, JEFF BANG, | ) |  |
| GREG MANEE, D. BORGETTI, | ) |  |
| ST. CATHERINE HOSPITAL, and | ) |  |
| ALLISON O'KEEFE, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant, Allison O'Keefe, by counsel, Carly Brandenburg of Eichhorn & Eichhorn, LLP, pursuant to the Federal Rules of Civil Procedure files this Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint. In support thereof, Defendant's counsel shows the Court as follows:

### I. INTRODUCTION

Defendant Ms. O'Keefe is a traveling occupational therapist who worked with patients at several area hospitals in Northwest Indiana during the time frame involved in this Complaint. Mr. Harrison has filed a handwritten complaint against Ms. O'Keefe and the other defendants using the form complaint for 42 U.S.C. § 1983 actions. Ms. Harrison's complaint contains a long, run-on paragraph citing multiple statutes, without clearly stating the factual allegations upon which he relies or

1

clearly delineating separate causes of action against Ms. O'Keefe based upon each statute.

Specifically, as to Ms. O'Keefe, his allegations paragraph provides: "Dr. Allison O'Keefe—employed at St. Catherine Hospital mental facility in Hammond, Indiana, assigned as doctor and who had a chance to evaluate plaintiff who denied him medical attention and medical care who was later x-rayed and was his hand was [sic] left neglected broken for the time period of the stay at St. Catherine." (Docket No. 1, Pltf.'s Compl., p. 3.)

Mr. Harrison then makes the following request for relief: "1. Nominal Damages, to jurisdiction over the defendants thruout [sic] Plaintiff complaint in the sum of $200. 2. Punitive Damages to conspiracy to cover up the illegal activity to plaintiff on disability act under Title VII forbids discriminatory asking for relief of one point five million dollars ($1,500,000.00). 3. Compensatory Damages- serious bodily injury and loss of use of left hand, serious disfigurement with extreme pain and suffering, police brutality and excessive force. I am asking for relief in the amount of fifteen million and for physical and emotional depression ($15,000,000.)" (Docket No. 1, Pltf.'s Compl., p. 3.) In his request for relief, Mr. Harrison makes no further allegations and provides no additional explanation of his claim against Ms. O'Keefe.

Mr. Harrison's Complaint should be dismissed with prejudice for failing to state a viable cause of action against Ms. O'Keefe. On its face, Mr. Harrison's Complaint violates the rules of procedure because it fails to clearly and succinctly lay out a cause of action against Defendant O'Keefe. More importantly, even if

Plaintiff would be granted leave to re-plead, the statutes and facts cited could not provide for a private cause of action against an independent health care provider. For these reasons, the Complaint should be dismissed with prejudice.

## II.     STANDARD OF LAW

Defendant has filed this motion under Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff has failed to adequately plead a claim upon which relief can be granted, which would also include a failure by Plaintiff to meet the requirements of Federal Rules 8 and 10. In reviewing a motion to dismiss as to Rule 12(b)(6), the Court reviews all facts alleged in the complaint and any inferences reasonably drawn from it in the light most favorable to the Plaintiff. *See, Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000). A complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In determining whether Mr. Harrison has made a claim upon which relief can be granted, the Court must also determine whether the Plaintiff has met the pleading requirements set forth in Rule 8. A complaint fails to comply with Rule 8 when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When reviewing a

3

complaint, the courts are obligated to accept factual allegations as true; however, some factual allegations may be so "sketchy or unbelievable" that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

### III. ARGUMENT

**A. On Its Face, Plaintiff's Complaint Violates the Federal Rules of Procedure.**

Plaintiff's complaint against Defendant O'Keefe should be dismissed due to numerous deficiencies throughout the Complaint. The most obvious deficiency is the format of the allegations and claims alleged against Defendant O'Keefe. Rule 8(a)(2) requires that the Plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Moreover, each allegation is to "be simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1). Additionally, each paragraph must be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. Proc. 10(b).

Plaintiff has failed to meet any of these requirements in providing a single, confusing, run-on paragraph complaint with references to multiple statutes and Defendants. And as to the portion of the paragraph directed to Ms. O'Keefe, Plaintiff fails to provide any assertion of improper action or the results of said action with the exception of stating that O'Keefe "denied him medical attention."[1]

---

[1] It appears most likely that Plaintiff is attempting to assert a claim for medical negligence against Ms. O'Keefe. However, if this is indeed an attempt at a malpractice action, Mr. Harrison's Complaint makes no reference to any effort he has made to comply with the Indiana Medical Malpractice Act. *See, e.g. Elliott v. Rush Mem'l Hosp.*, 928 N.E.2d 634,

Plaintiff's Complaint is deficient to the point that Defendant O'Keefe cannot be expected to understand the allegations against her. Under Federal Rule 8, a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs. Inc.,* 20 F.3d 771, 776 (7th Cir. 1994). Due to the lack of any clarity in Mr. Harrison's allegations, Defendant O'Keefe cannot determine the claims at issue before the Court. On this basis alone, the Court should exercise its authority to dismiss the Complaint.

B.  **Plaintiff cannot state a claim under 42 U.S.C. § 1983 because Ms. O'Keefe was not a state actor.**

With regard to Mr. Harrison's citation to 42 U.S.C. § 1983, he cannot state a claim upon which relief can be granted where Ms. O'Keefe is not a state actor. When a plaintiff brings a § 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the defendant acted under the "color of state law." *Rodriguez v. Plymouth Ambulance Service, et al.,* 577 F.3d 816, 822 (7th Cir. 2008). Thus, Mr. Harrison must provide allegations to sufficiently show that Ms. O'Keefe was acting under color of state law when providing medical

---

638 (Ind. Ct. App. 2010) ("Ordinarily, a medical malpractice action in Indiana must be commenced by first filing a proposed complaint with the Department of Insurance and cannot proceed until the proposed complaint is reviewed by a Medical Review Panel. *See* Ind.Code § 34–18–8–4."); *see also, Hines v. Elkhart Gen. Hosp.,* 603 F.2d 646, 647 (7th Cir. 1979) (affirming the district court's decision to dismiss plaintiffs' medical malpractice claim—which invoked federal jurisdiction on the basis of diversity of citizenship—because plaintiffs failed to comply with the provisions of the Indiana Medical Malpractice Act and, therefore, the federal court lacked jurisdiction over the claim.).

care to him. For a defendant to act under color of state law for § 1983 purposes means to "misuse [] power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Honaker v. Smith*, 256 F.3d 477, 484 (7th Cir. 2001); *see also,* E*state of Rice ex rel. Rice v. Corr. Med. Servs.*, 596 F. Supp. 2d 1208, 1218 (N.D. Ind. 2009) ("Before a private party's conduct can be deemed to be state action, there generally must be a sufficiently close association between the state and the private conduct so that the action 'may be fairly treated as that of the State itself.'") (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 228, 295 (2001)).

Since Ms. O'Keefe completed any services for Mr. Harrison independently of the state, Ms. O'Keefe cannot be said to have acted under the color of state law. Here, there no allegations that would suggest Ms. O'Keefe acted in any way as a state actor, and as such, any claim under 42 U.S.C. § 1983 should be dismissed with prejudice.

  **C.**  **Mr. Harrison's claims against Ms. O'Keefe appear to relate solely to medical care, and thus, do not provide any basis for claims of discrimination under 42 U.S.C. § 2000 or 20 USC § 1983.**

Plaintiff's Complaint appears to allege claims against Ms. O'Keefe pursuant to 42 U.S.C. 2000 and 20 U.S.C. § 1983. Notwithstanding the fact that there are insufficient allegations to know the basis for asserting these statutes against a private occupational therapy provider, Mr. Harrison cannot go forward under these statutes, as there is no claim of discrimination against Ms. O'Keefe. Both of these statutes relate to the failure to provide services or access to services due to some type of discriminatory animus. In this case, there only appear to be claims related to

the alleged denial of medical attention for unspecified reasons, and as such, any claim under these statutes should be dismissed with prejudice.

## III. CONCLUSION

For all of the foregoing reasons, Defendant, Allison O'Keefe, requests that Gary Harrison's Complaint be dismissed with prejudice.

**Respectfully submitted:**

**EICHHORN & EICHHORN, LLP**

By: /s/ Carly A. Brandenburg
Attorney for Defendant, Allison O'Keefe

Carly A. Brandenburg, #27038-45
200 Russell Street
Hammond, IN 46320

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which sent notification of such filing to all counsel of records who are CM/ ECF participants. I have also mailed the foregoing to Plaintiff, Mr. Harrison, via certified U.S. mail, return receipt requested, with sufficient and proper postage affixed thereto.

/s/ Carly A. Brandenburg