UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GARY JOE HARRISON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:15-CV-37-PRC |
| ) | |
| TOWN OF GRIFFITH, GRIFFITH ) | |
| POLICE DEPARTMENT, JASON ) | |
| JAQUES, TONY MORRIS, GREG ) | |
| MANCE, and DAVID BORGETTI, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Verified Motion to Dismiss [DE 61], filed by Defendants Town of Griffith, Griffith Police Department, Jason Jaques, Tony Morris, Greg Mance, and David Borgetti on June 24, 2016. Plaintiff Gary Joe Harrison has not filed a response, and the time to do so has passed.

This matter is also before the Court on a "Notice of Service of Motion to Dismiss on Plaintiff and Request for Ruling on Defendants' Motion to Dismiss" [DE 62], filed by Defendants on July 11, 2016. Therein, Defendants ask the Court to rule on the Motion to Dismiss as Plaintiff did not file a response by the deadline, which Defendants contend was July 8, 2016. Defendants also attached proof that Defendants' attempt to serve Plaintiff with the Motion to Dismiss at his last known address was returned as undeliverable. Defendants are correct that Northern District of Indiana Local Rule 7-1(d)(2)(A) provides that a response brief is due within fourteen days after the motion is served. Fourteen days after service of the Motion to Dismiss was July 8, 2016. However, pursuant to Federal Rule of Civil Procedure 6(d), three extra days are added to that deadline, which makes the deadline July 11, 2016. Regardless, the response deadline has now passed, and the Motion to Dismiss is ripe for ruling.

Plaintiff filed a Complaint, pro se, with this Court on January 30, 2015. Counsel later entered an appearance on behalf of Plaintiff, and an Amended Complaint was filed on July 2, 2015. Following the Rule 16(b) scheduling conference, Defendants issued written discovery requests to the Plaintiff on November 12, 2015, which were not timely responded to, prompting Defendants to file a Motion to Compel on February 16, 2016. On March 7, 2016, the Court issued an Order requiring Plaintiff to respond to all discovery requests by April 6, 2016. Plaintiff provided responses but did not fully respond to Interrogatory 12 due to a typographical error in the request, which, Defendants admit, made the request confusing. On March 25, 2016, counsel for Defendants sent Plaintiff's counsel correspondence regarding the error with a clean version of Interrogatory 12 and asked for a timely response. Counsel for Defendants spoke telephonically with counsel for Plaintiff several times regarding the clarified question and the need for an answer. Counsel for Plaintiff then informed counsel for Defendants that he intended to withdraw from the case.

On May 17, 2016, the Court granted Plaintiff's attorney's motion to withdraw his appearance. In the motion, counsel for Plaintiff provided the Court with Plaintiff's last known address. In the May 17, 2016 Order, the Court set this matter for an in-person status conference on June 23, 2016, ordering Plaintiff to personally appear. However, all correspondence sent to Plaintiff at that last known address has been returned as undeliverable, including the Order granting the motion to withdraw appearance and ordering Plaintiff to appear at the hearing.

Plaintiff did not appear at the June 23, 2016 hearing. The Court attempted to contact Plaintiff at his phone number of record but was only able to leave a voice mail message. Plaintiff did not return the Court's phone call.

Thus, either Plaintiff has failed to comply with the Court's Order of May 17, 2016, or failed to keep the Court informed of his current address, as required.

Defendants ask the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under Rule 41(b), a court should only dismiss a case when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (citing *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2000)); *see also Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7 th Cir. 1998); *see also Ball v. City of Chi.*, 2 F.3d 752, 759-60 (7th Cir. 1993) (indicating that "[t]here should be an explicit warning in every case"). In considering such a dismissal, a district court should consider numerous factors, including the frequency and magnitude of the plaintiff's conduct, the prejudice to the defendant, the disruption to the orderly administration of the court's calendar, and the merits of the underlying litigation. *See Williams*, 155 F.3d at 857; *Bolt v. Loy* , 227 F.3d 854, 856 (7th Cir. 2000).

Although Plaintiff's delays have inconvenienced Defendants and it appears that Plaintiff has displayed contumacious conduct in failing to appear and/or failing to keep the Court apprised of his mailing address, in light of the returned mail, the record does not yet warrant an order of dismissal. Nor has the Court warned Plaintiff that his case may be dismissed for his failure to prosecute this litigation.

Accordingly, the Court hereby **GRANTS** the motion contained within the "Notice of Service of Motion to Dismiss on Plaintiff and Request for Ruling on Defendants' Motion to Dismiss" [DE 62] and **TAKES UNDER ADVISEMENT** Defendants' Verified Motion to Dismiss [DE 61].

The Court **ORDERS** Plaintiff to **FILE** with the Court on or before **July 29, 2016**, a notice providing his current address and phone number as well as a response, if any, to the Motion to Dismiss. The Court **WARNS** Plaintiff that, if he fails to comply with this Opinion and Order, the Court is likely to grant the Motion to Dismiss.

The Court **DIRECTS** the Clerk of Court to serve by mail this Opinion and Order along with a copy of the Court's May 17, 2016 Order (docket entry 58) and a copy of Defendants' Verified Motion to Dismiss (docket entry 61) on Plaintiff at each of the following addresses, all of which have been used by Plaintiff during this litigation or provided to the Court as Plaintiff's address:

Gary Joe Harrison
436 Hemlock Avenue
Gary, IN 46403

Gary Joe Harrison
3847 Roche St.
Hobart, IN 46342

Gary Joe Harrison
1831 N. Mansards Blvd., Apt. 1G
Griffith, IN 46319

SO ORDERED this 13th day of July, 2016.

/s Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: Pro se Plaintiff Gary Joe Harrison at each of the addresses listed above