UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GARY JOE HARRISON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:15-CV-37-PRC |
| | ) | |
| TOWN OF GRIFFITH, GRIFFITH | ) | |
| POLICE DEPARTMENT, JASON | ) | |
| JAQUES, TONY MORRIS, GREG | ) | |
| MANCE, and DAVID BORGETTI, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Verified Motion to Dismiss [DE 61], filed by Defendants Town of Griffith, Griffith Police Department, Jason Jaques, Tony Morris, Greg Mance, and David Borgetti on June 24, 2016.

Defendants ask the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under Rule 41(b), a court should only dismiss a case when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (citing *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2000)); *see also Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7 th Cir. 1998); *see also Ball v. City of Chi.*, 2 F.3d 752, 759-60 (7th Cir. 1993) (indicating that "[t]here should be an explicit warning in every case"). In considering such a dismissal, a district court should consider numerous factors, including the frequency and magnitude of the plaintiff's conduct, the prejudice to the

defendant, the disruption to the orderly administration of the court's calendar, and the merits of the underlying litigation. *See Williams*, 155 F.3d at 857; *Bolt v. Loy* , 227 F.3d 854, 856 (7th Cir. 2000).

As set forth more fully in the Court's Opinions and Orders at docket entries 64 and 67, the Court extended the time for Plaintiff to respond to the Motion to Dismiss due to concerns that the Court was not given the correct address for Plaintiff at the time his former attorney withdrew his appearance. On August 15, 2016, Plaintiff filed a notice with the Court providing his current address, representing that his former attorney did not provide the Court with the correct mailing address and that he has not received any of the Court's prior mailings, and providing the Court with his current mailing address and phone number. The Court finds that Plaintiff has not displayed contumacious conduct and dismissal under Rule 41 is not warranted.

Accordingly, the Court hereby **DENIES** Defendants' Verified Motion to Dismiss [DE 61].

The Court **SETS** this matter for an **in-person** status conference for inquiry on attorney representation for **September 6, 2016, at 9:30 a.m. (C.S.T.)**. Plaintiff Gary Harrison is **ORDERED** to appear in person at the conference. Counsel for the other parties may participate telephonically with notice to Courtroom Deputy Sue Brown-Nickerson at sue_brown@innd.uscourts.gov at least 48 hours in advance of the conference.

The Court **DIRECTS** the Clerk of Court to send an updated copy of the docket as well as a copy of this Order to Plaintiff Gary Joe Harrison by first class and certified mail, return receipt requested.

SO ORDERED this 16th day of August, 2016.

/s Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: Pro se Plaintiff Gary Joe Harrison