UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GARY JOE HARRISON,<br>    Plaintiff,<br><br>   v.<br><br>TOWN OF GRIFFITH, GRIFFITH POLICE<br>DEPARTMENT, JASON JAQUES, TONY<br>MORRIS, GREG MANCE, and<br>DAVID BORGETTI,<br>    Defendants. | CAUSE NO.: 2:15-CV-37-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Verified Motion to Alter or Amend Summary Judgment Opinion and Order [DE 93], filed by Plaintiff Gary Joe Harrison, pro se, on November 15, 2017. The same date, Harrison filed a "Judicial Notice," which contains a "Plaintiff's Verified Pro Se Counter Motion in Response to Defendants' Motion for Summary Judgment" and a "Memorandum in Support." Although Harrison's attorneys of record Scott L. King and Russell W. Brown, Jr. have not withdrawn their appearances, Harrison identifies himself as proceeding pro se and he refers to the attorneys as his former attorneys. Therefore, in these post judgment proceedings, the Court considers Harrison's pro se motion and filings.

Defendants filed a response on November 27, 2017.

This matter is also before the Court on a "Motion to Advise Court and Request for Civil Rule 59 Relief Based Upon Defendants' Fraud Misleading District Court Resulting in a Manifest Error When Summary Judgment was granted for Defendants and Unjustly Against Plaintiff" [DE 96], filed by Harrison on December 14, 2017. This filing is titled a "motion" and offers new evidence as exhibits not attached to the November 15, 2017 motion; yet, the content of the filing appears to be in reply to Defendants' response to Harrison's original motion. To the extent the December 14,

2017 filing is a new motion, it was filed more than twenty-eight days after the entry of judgment; therefore, it is untimely under Rule 59. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). However, because Harrison could have brought the arguments contained therein under Federal Rule of Civil Procedure 60(b), which can be made within a year of the entry of judgment, the Court considers it to be brought under Rule 60(b). *See* Fed. R. Civ. P. 60(b), (c)(1); *see also United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004) (explaining that courts should look to the substance, not the label, of a pro se filing to determine its character); *United States v. Deutsch*, 981 F.2d 299, 300-01 (7th Cir. 1992) (considering a motion filed after the time limit of Rule 59(e) to be brought under Rule 60(b)).

## BACKGROUND

On January 30, 2015, Harrison filed a Complaint, pro se. On May 5, 2015, Attorney Raymond Gupta entered his appearance on behalf of Harrison, and on July 2, 2015, Harrison filed an Amended Complaint through counsel. On May 6, 2016, Attorney Gupta moved to withdraw his appearance, and the Court granted the motion on May 17, 2016. On September 27, 2016, Attorneys Russell Wayne Brown, Jr. and Scott L. King entered their appearances on behalf of Harrison. On October 20, 2016, the Court held a Rule 16(b) scheduling conference, extending the discovery deadline to March 31, 2017, and the dispositive motion deadline to May 1, 2017.

On April 28, 2017, Defendants filed a Motion for Summary Judgment. On May 26, 2017, Harrison, through counsel, filed a response in opposition to the Motion for Summary Judgment, and on June 6, 2017, Defendants filed a reply in support. On June 6, 2017, Defendants also filed a Motion to Strike Non-Sworn Statements Contained in Plaintiff's Response to Defendants' Motion for Summary Judgment. Harrison did not file a response to the Motion to Strike.

2

On October 19, 2017, the Court issued an Opinion and Order granting Defendants' Motion for Summary Judgment. The same day, a clerk's entry of judgment was entered.

**ANALYSIS**

In the Motion to Alter or Amend Summary Judgment Opinion and Order filed on November 15, 2017, Harrison asks the Court to amend its summary judgment ruling pursuant to Federal Rule of Civil Procedure 59. Rule 59(e) provides that a "motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Such a motion may be granted when the moving party demonstrates the discovery of new evidence or a manifest error of law by the court that warrants the alteration or amendment of the judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However, a motion to alter or amend judgment "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Rule 59(e) relief is an "extraordinary remedy." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

As an initial matter, to the extent that Harrison seeks relief based on his disagreement with his attorneys' actions in this case, more specifically what he describes as "never authoriz[ing] his previous attorney of record to change any facts as they were originally filed in," "the response that Plaintiff's attorney made behind Plaintiff's back," and the "bogus Response Brief," (ECF 93, pp. 1, 2), the Seventh Circuit Court of Appeals has held that an attorney's conduct is imputed to the client in any context. *United States v. DiMucci*, 879 F.2d 1488, 1496 (7th Cir. 1989). More specifically in the context of post-judgment relief, an attorney's intentional or negligent misconduct is not a basis for relief. *See, e.g.*, *United States v. 7108 West Grand Ave., Chicago, Ill.*, 15 F.3d 632

3

(7th Cir. 1994). Therefore, Harrison's disagreement with the response brief filed by his attorney is not a basis for the Court to alter or amend the summary judgment ruling.

In the November 15, 2017 motion, Harrison asks the Court to alter or amend the judgment under Rule 59 on the basis that certain disputed facts were not brought to the Court's attention. Specifically, Harrison argues that the EMT ambulance technicians who picked up Harrison from the Griffith police station to transport Harrison to the hospital were eye witnesses to the officer defendants' actions that Harrison describes as an "unprovoked brutal attack and brutality perpetrated against Plaintiff twice *inside* the ambulance outside the view of the police parking lot security cameras while Plaintiff was strapped helpless to the gurney on April 18, 2014." (ECF 93, p. 2) (emphasis added). Notably, Harrison does not argue that there has been an intervening change in the controlling law or that the Court made a manifest error of law.

In other words, Harrison argues only that the Court did not consider all the evidence. However, Harrison has not demonstrated that this is new evidence that could not have been presented to the Court in opposition to Defendants' Motion for Summary Judgment. To demonstrate that evidence was "newly discovered," the "moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'" *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

In his First Amended Complaint, filed on July 2, 2015, Harrison brought claims under 42 U.S.C. § 1983 for alleged violations of the United States Constitution. In Count I, Harrison alleged claims of excessive force by Defendants Officers Jason Jaques, David Borgetti, and Tony Morris. Harrison asserted that he suffered the following injuries from the officers' alleged excessive use of

4

force: a broken left arm and wrist, stomach injuries, and injuries to his mouth. *See* (ECF 80-7) (Resp. to Inter. No. 12). In Count II, Harrison alleged a claim of failure to train and supervise with regard to the alleged excessive force. Counts III and IV alleged claims of deprivation of necessary medical care. And, Count V alleged a claim of failure to train and supervise with regard to the alleged deprivation of necessary medical care.

In their Motion for Summary Judgment, Defendants moved for judgment in their favor on all of Plaintiff's claims. Through his response brief, Harrison abandoned all of his claims except for the claim of excessive force against Defendant Officer Jaques for an alleged wrist injury. Harrison offered no admissible evidence in support of that claim. Relevant to the instant Motion to Alter or Amend Judgment, Harrison did not offer any argument in response to the Motion for Summary Judgment regarding injuries he allegedly suffered *inside* the ambulance. Nor did he offer any argument or evidence in relation to his alleged torso injury.

Nevertheless, in ruling on the Motion for Summary Judgment, the Court quoted the following from Harrison's deposition testimony, in which Harrison testified that the alleged injuries to his torso occurred on the gurney *before* he was placed in the ambulance:

> Similarly, Harrison's response to Interrogatory No. 12 provides, appearing to refer to Officer Morris as the "lieutenant":
>
> The ambulance then arrived and I was placed on the cart. Officers attempted to cuff me to the gurney using my broken arm. I was in severe pain. The lieutenant jumped on top of me and knocked all the wind out of me and blood came out of my mouth. I passed out and woke up in the hospital.
>
> (ECF 80-7). Harrison elaborates in his deposition testimony that this alleged use of excessive force occurred outside the ambulance, after being secured on the gurney:
>
> A: . . . . I mean, the lieutenant, the Devil Devil come around here and jumped up in the air. You know all them keys he had on? I'll show you. Want to see the marks? I still got those and

5

> > that's been a year and a half ago. I still got those bruises. You see them a year and a half? You see the bruise? You know what that's from? That means somebody came down with some keys because you never had those.
> 
> Q: Okay. Let me ask you —
> A: He came down. Yes, ma'am.
> Q: Let me ask: Where did that happen, the bruises on your stomach?
> A: I'm going to show you. You just stopped the conversation.
> Q: No. I'm —
> A: I'm telling you about the lieutenant.
> Q: Where at?
> A: I haven't even got in the ambulance yet.
>
> (ECF 80-8, pp. 22:14-25; 23:1-7).

(ECF 90, p. 13-14). The Court then wrote:

> Defendants then cite the videotape recording of the incident that shows Officer Jaques leading Harrison to the gurney. As Officer Jaques attempted to help place Harrison onto the gurney, Harrison began resisting the efforts of Officer Jaques and the paramedics. The video shows Harrison turning his head toward Officer Jaques and planting his feet on the ground in an act of resistance. In an attempt to counter Harrison's efforts to resist being secured to the gurney, Officer Jaques leaned Harrison forward, applied pressure to gain control of Harrison, and placed Harrison's upper body on the gurney. Officer Morris then assisted with lifting Harrison's legs onto the gurney. For a short while afterwards, Officers Morris and Jaques maintained their position to ensure Harrison's compliance with the paramedics' attempt to secure Harrison for transfer to the hospital. Nowhere in the video is there an assault by the three officers with Officer Morris jumping on Harrison with sufficient force to knock the wind out of him or cause blood to exit his mouth. Also, the video does not show any contact by Officer Borgetti with Harrison. Nor does the video show Harrison unconscious after he was placed on the gurney; in fact, once Harrison was in the ambulance, the ambulance can be seen violently rocking back and forth and the paramedics motion for the officers' help. In his response brief, Harrison offers no response in support of these claims, abandoning them. *See Palmer*, 327 F.3d at 597-98. Harrison has offered no evidence to support a claim of excessive force during these events outside of the ambulance.

*Id*. (pp. 14-15) (footnote omitted).

More importantly on the instant motion, Harrison does not explain why evidence from the EMT ambulance technicians was not or could not have been obtained during the normal course of

6

discovery and presented to the Court. Harrison does not demonstrate that he diligently attempted to discover this evidence but was unsuccessful. Thus, alteration or amendment of the judgment under Rule 59(e) based on the possible "new" evidence of EMT ambulance technician testimony is not warranted because the evidence was available to Harrison prior to the entry of judgment; thus, he waived presenting the evidence to the Court by failing to present it in opposition to the Motion for Summary Judgment.

Next, the Court considers Harrison's December 14, 2017 "Motion to Advise Court and Request for Civil Rule 59 Relief Based Upon Defendants' Fraud Misleading District Court Resulting in a Manifest Error When Summary Judgment was Granted for Defendants and Unjustly Against Plaintiff" and the exhibits attached under Federal Rule of Civil Procedure 60(b). Rule 60(b) permits a court to relieve a party from a judgment on grounds that include mistake, surprise, or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59 motion. Fed. R. Civ. P. 60(b). Rule 60(b) also contains a catch-all provision, which allows the court discretion to fashion a remedy for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

In the December 14, 2017 motion, Harrison argues that his "former counsel committed fraud upon the court, with full knowledge of Defendants' other attorney." (ECF 96, p. 1). Harrison offers no evidence, much less the requisite clear and convincing evidence, in support of this allegation of "cover-up, conspiracy, and fraud on the court perpetrated by the individual attorneys of record in federal court." (ECF 96, p. 1). Instead, Harrison references a police report and the audio version of the video tape, both of which Harrison argues support his claims in this case. Harrison also attaches a copy of the police report, several photographs, medical documents, and an unsigned, undated type-

written statement. Once again, Harrison offers no explanation why this evidence was not or could not have been presented to the Court in response to the Motion for Summary Judgment, other than implying that his attorneys either did not obtain the information or did not present it to the Court. There is no indication that this evidence became available only after the entry of judgment or after 28-days after the judgment. Thus, he has not demonstrated that the evidence is newly discovered. As noted above, alleged error by Harrison's attorneys in conducting discovery or in responding to the Motion for Summary Judgment or Harrison's disagreement with the attorney-drafted response to the Motion for Summary Judgment is not a proper basis for relief from judgment.

## CONCLUSION

Based on the foregoing, Plaintiff Gary Joe Harrison has not made the requisite showing under either Rule 59 or 60, and the Court hereby **DENIES** the Verified Motion to Alter or Amend Summary Judgment Opinion and Order [DE 93] and **DENIES** the Motion to Advise Court and Request for Civil Rule 59 Relief Based Upon Defendants' Fraud Misleading District Court Resulting in a Manifest Error When Summary Judgment was granted for Defendants and Unjustly Against Plaintiff [DE 96].

So ORDERED this 9th day of January, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: Pro se Plaintiff, Gary Joe Harrison, 7346 Hemlock Avenue, Gary, Indiana, 46403